J. L. PITTMAN et al., Plaintiffs,

v.

UNITED BROTHERHOOD OF CARPEN-
TERS AND JOINERS OF AMERICA
et al., Defendants.

No. 5045–Civ.-J.

United States District Court
M. D. Florida,
Jacksonville Division.

Feb. 22, 1966.

---

Howard B. Pearl, Jacksonville Beach, Fla., for plaintiffs.

Mahon & Mahon (Lacy Mahon, Jr.), Jacksonville, Fla., for defendants.

McRAE, District Judge.

Six members of the United Brotherhood of Carpenters and Joiners of America brought this action against the Brotherhood[1] under the provisions of the Labor-Management Reporting and Disclosure Act of 1959, 29 U.S.C. §§ 401–531, alleging that in revoking the charter of Local 2263, the local to which plaintiffs belonged, the Brotherhood had "otherwise disciplined" them within the meaning of 29 U.S.C. § 411(a)(5) with-

[1]. Also joined as defendants in this action were Carpenters' District Council of Jacksonville, Florida & Vicinity; Otis C. Spicer, President of Local Union No. 2263, United Brotherhood of Carpenters and Joiners of America; and W. T. Spicer, Treasurer of Local Union No. 2263, United Brotherhood of Carpenters and Joiners of America. No showing was made that these parties were chargeable with the charter revocation, and judgment will be entered in their favor.

out affording them with the procedural safeguards required by that section.

Section 411(a)(5) reads as follows:

No member of any labor organization may be fined, suspended, expelled, or otherwise disciplined except for nonpayment of dues by such organization or by any officer thereof unless such member has been (A) served with written specific charges; (B) given a reasonable time to prepare his defense; (C) afforded a full and fair hearing.

The Brotherhood is a "labor organization" within the meaning of the section, being an international labor organization engaged in an industry affecting commerce, 29 U.S.C. 402(i), (j), and it is undisputed that plaintiffs were and are members in good standing of the Brotherhood. The revocation of the charter of Local 2263 was not for nonpayment of dues. Moreover, it was stipulated at trial by counsel for defendant that the Brotherhood had not complied with the procedural requirements of § 411(a)(5). The sole question before this court, therefore, is whether plaintiffs were "otherwise disciplined" by the charter revocation.

Counsel for the Brotherhood urges that the revocation of the charter of Local 2263 was done solely for administrative reasons. Two other locals (617 and 1017), in addition to another one at the Jacksonville Naval Air Station, also were located in Duval County, Florida, at the time in question, and the Brotherhood believed, it is argued, that the best way to eliminate the dissension in Local 617, the largest local in the area, was to revoke Local 2263's charter. Thus, the argument concludes, no punishment or discipline was intended; rather, the revocation was a housekeeping chore.

■ Motive, however, is irrelevant under § 411(a) (5). The purpose of the

section is to provide procedural safeguards to union members when an action taken against them would result in the loss of some valuable membership right, monetary or otherwise. See Detroy v. American Guild of Variety Artists, 286 F.2d 75, 81 (2d Cir.), cert. denied, 366 U.S. 929, 81 S.Ct. 1650, 6 L.Ed.2d 388 (1961).

In the only case decided under § 411 (a) (5) concerning revocation of a local's charter as such, the Fourth Circuit held that allegations of revocation of a local's charter, at least when coupled with harm to members, are sufficient for jurisdiction under § 411(a) (5). Parks v. International Brotherhood of Elec. Workers, 314 F.2d 886 (4th Cir.), cert. denied, 372 U.S. 976, 83 S.Ct. 1111, 10 L.Ed.2d 142 (1963). The procedural requirements had been met in *Parks*, however, and the decision there was accordingly for the defendant.

■ It is not necessary to decide whether every revocation of a local's charter constitutes "discipline." Plaintiffs established that the revocation in this case resulted in their losing certain basic membership rights because they then would be forced into another local. Under sections 31E and 42V of the Constitution and Laws of the Brotherhood, plaintiffs' Exhibit 1, a member of a local cannot run for office or vote for officers of the local until he has been a member in good standing in the local for the preceding twelve months (with exceptions not relevant to the facts in this case). Moreover, Local 617[2] contained more than 700 members whereas the membership of Local 2263 was less than 100; thus, the influence of plaintiffs in selecting their leaders and deciding policy, even when they obtained a vote, was decreased by the revocation of Local 2263's charter. Under the facts of the present case, the revocation of the charter constituted "discipline" within the meaning of

2. Membership in the NAS Local essentially has been for carpenters engaged in employment there. Local 1017 in general has restricted its membership heretofore to Negroes, and it refused to allow plaintiff Pittman to join after the revocation of Local 2263's charter. Therefore, Local 627 is the only local in the area, in practicality, that the members of Local 2263 could join.

29 U.S.C. § 411(a) (5), thereby requiring that the procedures set forth in that section be followed. Since they were not, judgment must be entered for plaintiffs.

 No monetary damages were proved. The appropriate remedy, therefore, is injunctive relief requiring that the *status quo* at the time of revocation be restored. Of course, if the Brotherhood still believes that the elimination of Local 2263 is in its best interest, it may, by giving proper notice and hearing to the local, and thereby to its members as a class, proceed towards revocation, if allowed by its Constitution and Laws. This Court expresses no opinion as to whether these documents allow such a revocation.